| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | (2/28/11) CCG N001 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____LAW_____ DIVISION

No. _14 L 8852_

Pilatus Aircraft Ltd.

Ennetburgerstrasse 101

CH-6371 Stans, Switzerland

TRACY REICHENBACH

**(Name all parties)**

v.

AIR SARINA AG, a corporation, et al.

## ◯ SUMMONS ◉ ALIAS SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

◉ **Richard J. Daley Center, 50 W. Washington, Room** _801_ **, Chicago, Illinois 60602**

◯ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

◯ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

◯ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

◯ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

◯ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60428

◯ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

**You must file within 30 days after service of this Summons, not counting the day of service.**
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than _120_ days after its date.

**Atty. No.:** _11151_

**Name:** _Floyd A. Wisner/Wisner Law Firm, P.C._

**Atty. for:** _Plaintiff_

**Address:** _514 W. State Street, Suite 200_

**City/State/Zip:** _Geneva, Illinois 60134_

**Telephone:** _(630) 262-9434_

**WITNESS,** _____

_____
Clerk of Court

**Date of service:** _____ JAN 2 8 2015
(To be inserted by officer on copy left with defendant or other person)

**Service by Facsimile Transmission will be accepted at:** _____

(Area Code)    (Facsimile Telephone Number)

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ELECTRONICALLY FILED
8/22/2014 3:38 PM
2014-L-008852
CALENDAR: D
PAGE 1 of 21
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT LAW DIVISION

TRACY REICHENBACH, Personal )
Representative of the heirs of FABIAN )
REICHENBACH, deceased, )
)
           Plaintiff )
)
        v. )
)
AIR SARINA, AG., a corporation, )
PILATUS AIRCRAFT, LTD., a corporation, )
HONEYWELL, INTERNATIONAL,INC., ) No.
a corporation, AEROCONTROLEX, INC., )
a corporation, EASTERLINE CMC )
ELECTRONICS, INC., a corporation, )
EASTERLINE TECHNOLOGIES, INC., )
a corporation, FRIEDRICH CHRISTIAN )
FLICK, and COMPTESSE CAROLINE )
VON SAURMA, )
)
          Defendants )

## COMPLAINT

    Plaintiff Tracy Reichenbach, Personal Representative of the heirs of Fabian Reichenbach, deceased, for her Complaint against defendants Air Sarina, AG., Pilatus Aircraft, Ltd., Honeywell, International, Aero Instruments, Inc., AeroControlex, Inc., Easterline CMC Electronics, Inc., Easterline Technologies, Inc., Friedrich Christian Flick, and Comptesse Caroline Von Saurma, states as follows:

### COUNT I

    1.   Plaintiff Tracy Reichenbach is the widow and an heir of the decedent Fabian Reichenbach and the Personal Representative of the other heirs of this decedent. Plaintiff is a citizen of Canada and a resident of Switzerland and plaintiff's decedent was a citizen of Switzerland.

ELECTRONICALLY FILED
8/22/2014 3:38 PM
2014-L-008852
PAGE 2 of 21

2.    Defendant Air Sarina, AG ("Air Sarina") is an air carrier which upon information and belief has its principal place of business in, and is a citizen of, Switzerland. Defendant Pilatus Aircraft, Ltd. ("Pilatus") is a corporation which upon information and belief has its principal place of business in, and is a citizen of, Switzerland. Defendant Honeywell, International ("Honeywell") is a corporation which has its principal place of business in New Jersey. Defendant Aero Instruments, Inc. ("Aero Instruments") is a corporation which upon information and belief has its principal place of business in New York. Defendant AeroControlex, Inc. ("AeroControlex") is a corporation which upon information and belief has its principal place of business in Ohio. Easterline CMC Electronics, Inc. ("Easterline CMC") is a corporation which upon information and belief has its principal place of business in, and is a citizen of, Canada. Defendant Easterline Technologies, Inc. ("Easterline") is a corporation which upon information and belief has its principal place of business in Washington. Defendants Friedrich Christian Flick ("Flick") and Comptesse Caroline Von Saurma ("Von Saurma") are upon information and belief citizens and residents of Switzerland.

3.    Defendants Air Sarina, Pilatus, Honeywell, Aero Instruments, AeroControlex, Easterline CMC, and Easterline do business in Illinois sufficient to subject them to the jurisdiction of the courts of this State.

4.    On August 24, 2012, defendant Air Sarina provided plaintiff's decedent with transportation by air as a passenger on a Pilatus PC-12 aircraft, registration HB-FPZ, ("the subject aircraft") from Belgium to Switzerland (" the accident flight").

5.    On said date at all times relevant hereto, defendant Air Sarina owed plaintiff and plaintiff's decedent a duty to exercise the highest degree of care in the maintenance and repair of

the subject aircraft, the hiring, training and supervision of its pilots and the operation of the subject aircraft during the accident flight.

6.  Defendant Air Sarina breached its duty of care owed to plaintiff and plaintiff's decedent through one or more of the following negligent acts and omissions:

(a)  negligently failed to maintain and remedy the defects in the wings and wing attachment fittings on the subject aircraft;

(b) negligently failed to maintain and remedy the defects in the ice protection system of the subject aircraft;

(c)  negligently failed to maintain and remedy the defects in the autopilot on the subject aircraft;

(d)  negligently failed to maintain and remedy the defects in the pitot tubes on the subject aircraft;

(e)  negligently failed to maintain and remedy the defects in the weather radar on the subject aircraft;

(f)  negligently failed to maintain and remedy the defects in the flight management computer on the subject aircraft;

(g)  negligently failed to maintain control and safe operation of the subject aircraft during the accident flight;

(h)  negligently lost situational awareness during the accident flight;

(i)  negligently failed to realize the autopilot had become disengaged during the accident flight;

(j)  negligently failed to avoid storm cells and/or icing conditions and/or severe turbulent airflow;

ELECTRONICALLY FILED
8/22/2014 3:38 PM
2014-L-008852
PAGE 3 of 21

3

(k) negligently misinterpreted the data provided through the pitot tubes on the accident aircraft;

(l) negligently hired an unqualified, inadequately trained pilot for the operation of the subject aircraft during the accident flight; and

(m) negligently supervised or failed to supervise and negligently trained or failed to train the pilot of the subject aircraft during the accident flight.

7. As the direct and proximate result of one or more of the aforesaid negligent acts and omissions of defendant Air Sarina, the subject aircraft was caused to and did go out of control and violently crash in France and plaintiff's decedent was injured and caused to expire.

8. Plaintiff's decedent left surviving heirs and next of kin, including plaintiff, for whose benefit this action is brought.

9. Plaintiff and the other heirs and next of kin of the decedent have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance and society and mental anguish, sorrow and grief as the result of the death of plaintiff's decedent.

10. As a direct and proximate result of one or more of the aforesaid negligent acts and omissions of defendant Air Sarina, which resulted in the crash of the subject aircraft, plaintiff's decedent was caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror prior to impact and prior to his death, and property damage.

11. Had plaintiff's decedent survived, he would have been entitled to bring an action for damages, and such action has survived him.

ELECTRONICALLY FILED
8/22/2014 3:38 PM
2014-L-008852
PAGE 4 of 21

4

WHEREFORE, plaintiff Tracy Reichenbach, Personal Representative of the heirs of Fabian Reichenbach, deceased, prays for a judgment against defendant Air Sarina AG for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other amounts as may be allowed by law.

## COUNT II

1-4.   As paragraphs 1-4 of Count II, plaintiff realleges paragraphs 1-4 of Count I.

5.   On a date prior to August 24, 2012, defendant Pilatus designed, manufactured, assembled and sold the subject aircraft.

6.   At the time the subject aircraft left the control of the defendant Pilatus, it was defective and unreasonably dangerous in one or more of the following respects:

(a)  the wings of the subject aircraft were subject to becoming separated from the aircraft;

(b)  the wing attachment fittings on the subject aircraft were subject to failure, leading to separation of the wings from the aircraft;

(c)  the ice protection system of the subject aircraft was inadequate and did not prevent the accretion of ice on the subject aircraft;

(d)  the pitot tubes on the subject aircraft were subject to becoming clogged with ice, resulting in incorrect data being provided to the flight crew;

(e)  the pitot tubes and/or system on the subject aircraft did not provide an alert and/or procedure to warn pilots that the pitot tubes were clogged and/or the data was no longer reliable;

(f)  the autopilot was subject to becoming unintentionally disengaged;

ELECTRONICALLY FILED
8/22/2014 3:38 PM
2014-L-008852
PAGE 5 of 21

ELECTRONICALLY FILED
8/22/2014 3:38 PM
2014-L-008852
PAGE 6 of 21

(g) the weather radar on the subject aircraft did not provide timely and accurate weather information;

(h) the flight management computer on the subject aircraft would disengage the autopilot without input from the flight crew; and

(i) the subject aircraft did not contain any warnings of these defects.

7. As the direct and proximate result of one or more of the aforesaid defective and unreasonably dangerous conditions of the subject aircraft designed, manufactured, assembled and sold by defendant Pilatus, the subject aircraft was caused to and did go out of control and violently crash in France and plaintiff's decedent was injured and caused to expire.

8. Plaintiff's decedent left surviving heirs and next of kin, including plaintiff, for whose benefit this action is brought.

9. Plaintiff and the other heirs and next of kin of the decedent have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance and society and mental anguish, sorrow and grief as the result of the death of plaintiff's decedent.

10. As a direct and proximate result of one or more of the aforesaid defective and unreasonably dangerous conditions of the subject aircraft designed, manufactured, assembled and sold by defendant Pilatus, which resulted in the crash of the subject aircraft, plaintiff's decedent was caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror prior to impact and prior to his death, and property damage.

11. Had plaintiff's decedent survived, he would have been entitled to bring an action for damages, and such action has survived him.

6

WHEREFORE, plaintiff Tracy Reichenbach, Personal Representative of the heirs of Fabian Reichenbach, deceased, prays for a judgment against defendant Pilatus Aircraft, Ltd. for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other amounts as may be allowed by law.

## COUNT III

1-4.   As paragraphs 1-4 of Count III, plaintiff realleges paragraphs 1-4 of Count I.

5.   On a date prior to August 24, 2012, defendant Pilatus designed, manufactured, assembled and sold the subject aircraft.

6.   On said date and at all times relevant hereto, defendant Pilatus owed plaintiff and plaintiff's decedent a duty to exercise care in the design, manufacture, assembly and sale of the subject aircraft so as not to cause injury to, or the death of, plaintiff's decedent.

7.   Defendant Pilatus negligently breached its duty of care owed to plaintiff and plaintiff's decedent through one or more of the following negligent acts and omissions:

(a) negligently designed, manufactured, assembled and sold the subject aircraft such that the wings of the subject aircraft were subject to becoming separated from the aircraft;

(b) negligently designed, manufactured, assembled and sold the subject aircraft such that the wing attachment fittings on the subject aircraft were subject to failure, leading to separation of the wings from the aircraft;

(c)  negligently designed, manufactured, assembled and sold the subject aircraft such that the ice protection system of the subject aircraft was inadequate and did not prevent the accretion of ice on the subject aircraft;

(d)  negligently designed, manufactured, assembled and sold the subject aircraft such that the pitot tubes on the subject aircraft were subject to becoming clogged with ice, resulting in incorrect data being provided to the flight crew;

ELECTRONICALLY FILED
8/22/2014 3:38 PM
2014-L-008852
PAGE 7 of 21

7

ELECTRONICALLY FILED
8/22/2014 3:38 PM
2014-L-008852
PAGE 8 of 21

(e)  negligently designed, manufactured, assembled and sold the subject aircraft such that the pitot tubes and/or system on the subject aircraft did not provide an alert and/or procedure to warn the pilots that the pitot tubes were clogged and/or the data was no longer reliable;

(f)  negligently designed, manufactured, assembled and sold the subject aircraft such that the autopilot was subject to becoming unintentionally disengaged;

(g) negligently designed, manufactured, assembled and sold the subject aircraft such that the weather radar on the subject aircraft did not provide timely and accurate weather information;

(h)  negligently designed, manufactured, assembled and sold the subject aircraft such that the flight management computer on the subject aircraft would disengage the autopilot without input from the flight crew;

(i)  negligently failed to provide any warnings of these defects.

8.    As the direct and proximate result of one or more of the aforesaid negligent acts and omissions of defendant Pilatus, the subject aircraft was caused to and did go out of control and violently crash in France and plaintiff's decedent was injured and caused to expire.

9.    Plaintiff's decedent left surviving heirs and next of kin, including plaintiff, for whose benefit this action is brought.

10.  Plaintiff and the other heirs and next of kin of the decedent have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance and society and mental anguish, sorrow and grief as the result of the death of plaintiff's decedent.

11.  As a direct and proximate result of one or more of the aforesaid negligent acts and omissions of defendant Pilatus, which resulted in the crash of the subject aircraft, plaintiff's decedent was caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror prior to impact and prior to his death, and property damage.

12.  Had plaintiff's decedent survived, he would have been entitled to bring an action for damages, and such action has survived him.

WHEREFORE, plaintiff Tracy Reichenbach, Personal Representative of the heirs of Fabian Reichenbach, deceased, prays for a judgment against defendant Pilatus Aircraft, Ltd. for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other amounts as may be allowed by law.

ELECTRONICALLY FILED
8/22/2014 3:38 PM
2014-L-008852
PAGE 9 of 21

## COUNT IV

1-4.  As paragraphs 1-4 of Count IV, plaintiff realleges paragraphs 1-4 of Count I.

5.  On a date prior to August 24, 2012, defendant Honeywell designed, manufactured, assembled and sold the weather radar on the subject aircraft.

6.  At the time the weather radar left the control of defendant Honeywell, it was defective and unreasonably dangerous in one or more of the following respects:

(a)  the weather radar did not provide timely and adequate weather information to the flight crew of the subject aircraft; and

(b)  the weather radar did not contain any warnings of this defect.

7.  As the direct and proximate result of one or more of the aforesaid defective and unreasonably dangerous conditions of the weather radar designed, manufactured, assembled and sold by defendant Honeywell, the subject aircraft encountered severe weather during the accident flight of which the pilot did not have timely and accurate information and was caused to and did

9

go out of control and violently crash in France and plaintiff's decedent was injured and caused to expire.

8.    Plaintiff's decedent left surviving heirs and next of kin, including plaintiff, for whose benefit this action is brought.

9.    Plaintiff and the other heirs and next of kin of the decedent have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance and society and mental anguish, sorrow and grief as the result of the death of plaintiff's decedent.

10.    As a direct and proximate result of one or more of the aforesaid defective and unreasonably dangerous conditions of the weather radar designed, manufactured, assembled and sold by defendant Honeywell, which resulted in the crash of the subject aircraft, plaintiff's decedent was caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror prior to impact and prior to his death, and property damage.

11.    Had plaintiff's decedent survived, he would have been entitled to bring an action for damages, and such action has survived him.

WHEREFORE, plaintiff Tracy Reichenbach, Personal Representative of the heirs of Fabian Reichenbach, deceased, prays for a judgment against defendant Honeywell International for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other amounts as may be allowed by law.

## COUNT V

1-4.    As paragraphs 1-4 of Count V, plaintiff realleges paragraphs 1-4 of Count I.

5.    On a date prior to August 24, 2012, defendant Honeywell designed, manufactured, assembled and sold the weather radar on the subject aircraft.

ELECTRONICALLY FILED
8/22/2014 3:38 PM
2014-L-008852
PAGE 10 of 21

10

6.   On said date and at all times relevant hereto, defendant Honeywell owed plaintiff and plaintiff's decedent a duty to exercise care in the design, manufacture, assembly and sale of the weather radar on the subject aircraft so as not to cause injury to, or the death of, plaintiff's decedent.

7.   Defendant Honeywell negligently breached its duty of care owed to plaintiff and plaintiff's decedent through one or more of the following negligent acts and omissions:

(a)  negligently designed, manufactured, assembled and sold the weather radar such that the weather radar did not provide timely and adequate weather information to the flight crew of the subject aircraft; and

(b)  negligently failed to provide any warnings of this defect.

8.   As the direct and proximate result of one or more of the aforesaid negligent acts and omissions of defendant Honeywell, the subject aircraft encountered severe weather during the accident flight of which the pilot did not have timely and accurate information and was caused to and did go out of control and violently crash in France and plaintiff's decedent was injured and caused to expire.

9.   Plaintiff's decedent left surviving heirs and next of kin, including plaintiff, for whose benefit this action is brought.

10.  Plaintiff and the other heirs and next of kin of the decedent have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance and society and mental anguish, sorrow and grief as the result of the death of plaintiff's decedent.

11.  As a direct and proximate result of one or more of the aforesaid negligent acts and omissions of defendant Honeywell, which resulted in the crash of the subject aircraft, plaintiff's

ELECTRONICALLY FILED
8/22/2014 3:38 PM
2014-L-008852
PAGE 11 of 21

11

decedent was caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror prior to impact and prior to his death, and property damage.

12. Had plaintiff's decedent survived, he would have been entitled to bring an action for damages, and such action has survived him.

WHEREFORE, plaintiff Tracy Reichenbach, Personal Representative of the heirs of Fabian Reichenbach, deceased, prays for a judgment against defendant Honeywell International for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other amounts as may be allowed by law.

**COUNT VI**

1-4. As paragraphs 1-4 of Count VI, plaintiff realleges paragraphs 1-4 of Count I.

5. On a date prior to August 24, 2012, defendants Aero Instruments and Aerocontrolex designed, manufactured, assembled and sold the pitot tubes on the subject aircraft.

6. At the time the pitot tubes on the subject aircraft left the control of the defendants Aero Instruments and AeroControlex, they were defective and unreasonably dangerous in one or more of the following respects:

(a) the pitot tubes on the subject aircraft were subject to becoming clogged with ice, resulting in incorrect data being provided to the flight crew;

(b) the pitot tubes and/or system on the subject aircraft did not provide an alert and/or procedure to warn the pilots that the pitot tubes were clogged and/or the data was no longer reliable; and

(c) the pitot tubes on the subject aircraft did not contain any warnings of these defects.

7. As the direct and proximate result of one or more of the aforesaid defective and unreasonably dangerous conditions of the pitot tubes on subject aircraft designed, manufactured,

ELECTRONICALLY FILED
8/22/2014 3:38 PM
2014-L-008852
PAGE 12 of 21

12

assembled and sold by defendants Aero Instruments and AeroControlex, the pitot tubes became clogged with ice, incorrect data was provided to the pilot and the subject aircraft was caused to and did go out of control and violently crash in France and plaintiff's decedent was injured and caused to expire.

8.    Plaintiff's decedent left surviving heirs and next of kin, including plaintiff, for whose benefit this action is brought.

9.    Plaintiff and the other heirs and next of kin of the decedent have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance and society and mental anguish, sorrow and grief as the result of the death of plaintiff's decedent.

10.  As a direct and proximate result of one or more of the aforesaid defective and unreasonably dangerous conditions of the pitot tubes on the subject aircraft designed, manufactured, assembled and sold by defendants Aero Instruments and AeroControlex, which resulted in the crash of the subject aircraft, plaintiff's decedent was caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror prior to impact and prior to his death, and property damage.

11.  Had plaintiff's decedent survived, he would have been entitled to bring an action for damages, and such action has survived him.

WHEREFORE, plaintiff Tracy Reichenbach, Personal Representative of the heirs of Fabian Reichenbach, deceased, prays for a judgment against defendants Aero Instruments, Inc. and AeroControlex, Inc. for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other amounts as may be allowed by law.

ELECTRONICALLY FILED
8/22/2014 3:38 PM
2014-L-008852
PAGE 13 of 21

13

## COUNT VII

1-4.  As paragraphs 1-4 of Count VII, plaintiff realleges paragraphs 1-4 of Count I.

5.  On a date prior to August 24, 2012, defendants Aero Instruments and AeroControlex designed, manufactured, assembled and sold the pitot tubes on the subject aircraft.

6.  On said date and at all times relevant hereto, defendants Aero Instruments and AeroControlex owed plaintiff and plaintiff's decedent a duty to exercise care in the design, manufacture, assembly and sale of the pitot tubes on the subject aircraft so as not to cause injury to, or the death of, plaintiff's decedent.

7.  Defendants Aero Instruments and AeroControlex negligently breached their duty of care owed to plaintiff and plaintiff's decedent through one or more of the following negligent acts and omissions:

    (a)  negligently designed, manufactured, assembled and sold The pitot tubes on the subject aircraft such that the pitot tubes on the subject aircraft were subject to becoming clogged with ice, resulting in incorrect data being provided to the flight crew;

    (b)  negligently designed, manufactured, assembled and sold the pitot tubes on the subject aircraft such that the pitot tubes and/or system did not provide an alert and/or procedure to warn the pilots that the pitot tubes were clogged and/or the data was no longer reliable; and

    (c)  negligently failed to provide any warnings of these defects.

8.  As the direct and proximate result of one or more of the aforesaid negligent acts and omissions of defendants Aero Instruments and AeroControlex, the pitot tubes became clogged with ice, incorrect data was provided to the pilot and the subject aircraft was caused to and did go out of control and violently crash in France and plaintiff's decedent was injured and caused to expire.

ELECTRONICALLY FILED
8/22/2014 3:38 PM
2014-L-008852
PAGE 14 of 21

9. Plaintiff's decedent left surviving heirs and next of kin, including plaintiff, for whose benefit this action is brought.

10. Plaintiff and the other heirs and next of kin of the decedent have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance and society and mental anguish, sorrow and grief as the result of the death of plaintiff's decedent.

11. As a direct and proximate result of one or more of the aforesaid negligent acts and omissions of defendants Aero Instruments and AeroControlex, which resulted in the crash of the subject aircraft, plaintiff's decedent was caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror prior to impact and prior to his death, and property damage.

12. Had plaintiff's decedent survived, he would have been entitled to bring an action for damages, and such action has survived him.

WHEREFORE, plaintiff Tracy Reichenbach, Personal Representative of the heirs of Fabian Reichenbach, deceased, prays for a judgment against defendants Aero Instruments, Inc. and AeroControlex, Inc. for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other amounts as may be allowed by law.

**COUNT VIII**

1-4. As paragraphs 1-4 of Count VIII, plaintiff realleges paragraphs 1-4 of Count I.

5. On a date prior to August 24, 2012, defendants Easterline CMC and Easterline designed, manufactured, assembled and sold the flight management computer on the subject aircraft.

6. At the time the flight management computer on the subject aircraft left the control of the defendants Easterline CMC and Easterline, it was defective and unreasonably dangerous in one or more of the following respects:

ELECTRONICALLY FILED
8/22/2014 3:38 PM
2014-L-008852
PAGE 15 of 21

(a) the flight management computer on the subject aircraft would disengage the autopilot without input from the flight crew; and

(b) the flight management computer on the subject aircraft did not contain any warnings of this defect.

7. As the direct and proximate result of one or more of the aforesaid defective and unreasonably dangerous conditions of the flight management computer on the subject aircraft designed, manufactured, assembled and sold by defendants Easterline CMC and Easterline, the flight management computer on the subject aircraft disengaged the autopilot without input from, and without the knowledge of, the pilot and the subject aircraft was caused to and did go out of control and violently crash in France and plaintiff's decedent was injured and caused to expire.

8. Plaintiff's decedent left surviving heirs and next of kin, including plaintiff, for whose benefit this action is brought.

9. Plaintiff and the other heirs and next of kin of the decedent have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance and society and mental anguish, sorrow and grief as the result of the death of plaintiff's decedent.

10. As a direct and proximate result of one or more of the aforesaid defective and unreasonably dangerous conditions of the flight management computer on the subject aircraft designed, manufactured, assembled and sold by defendants Easterline CMC and Easterline, which resulted in the crash of the subject aircraft, plaintiff's decedent was caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror prior to impact and prior to his death, and property damage.

ELECTRONICALLY FILED
8/22/2014 3:38 PM
2014-L-008852
PAGE 16 of 21

11. Had plaintiff's decedent survived, he would have been entitled to bring an action for damages, and such action has survived him.

WHEREFORE, plaintiff Tracy Reichenbach, Personal Representative of the heirs of Fabian Reichenbach, deceased, prays for a judgment against defendants Easterline CMC Electronics, Inc. and Easterline Technologies, Inc. for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other amounts as may be allowed by law.

## COUNT IX

1-4.   As paragraphs 1-4 of Count IX, plaintiff realleges paragraphs 1-4 of Count I.

5.   On a date prior to August 24, 2012, defendants Easterline CMC and Easterline designed, manufactured, assembled and sold the flight management computer on the subject aircraft.

6.   On said date and at all times relevant hereto, defendants Easterline CMC and Easterline owed plaintiff and plaintiff's decedent a duty to exercise care in the design, manufacture, assembly and sale of the flight management computer on the subject aircraft so as not to cause injury to, or the death of, plaintiff's decedent.

7.   Defendants Easterline CMC and Easterline negligently breached their duty of care owed to plaintiff and plaintiff's decedent through one or more of the following negligent acts and omissions:

    (a)   negligently designed, manufactured, assembled and sold the flight management computer on the subject aircraft such that the flight management computer on the subject aircraft would disengage the autopilot without input from the flight crew; and

    (b)   negligently failed to provide any warnings of this defect.

8.   As the direct and proximate result of one or more of the aforesaid negligent acts and omissions of defendants Easterline CMC and Easterline, the flight management computer on the subject aircraft disengaged the autopilot without input from, and without the knowledge of, the

ELECTRONICALLY FILED
8/22/2014 3:38 PM
2014-L-008852
PAGE 17 of 21

pilot and the subject aircraft was caused to and did go out of control and violently crash in France and plaintiff's decedent was injured and caused to expire.

9.  Plaintiff's decedent left surviving heirs and next of kin, including plaintiff, for whose benefit this action is brought.

10.  Plaintiff and the other heirs and next of kin of the decedent have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance and society and mental anguish, sorrow and grief as the result of the death of plaintiff's decedent.

11.  As a direct and proximate result of one or more of the aforesaid negligent acts and omissions of defendants Easterline CMC and Easterline, which resulted in the crash of the subject aircraft, plaintiff's decedent was caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror prior to impact and prior to his death, and property damage.

12.  Had plaintiff's decedent survived, he would have been entitled to bring an action for damages, and such action has survived him.

WHEREFORE, plaintiff Tracy Reichenbach, Personal Representative of the heirs of Fabian Reichenbach, deceased, prays for a judgment against defendants Easterline CMC Electronics, Inc. and Easterline Technologies, Inc. for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other amounts as may be allowed by law.

**COUNT X**

1-4.  As paragraphs 1-4 of Count X, plaintiff realleges paragraphs 1-4 of Count I.

5.  On a date prior to August 24, 2012, defendant Flick, with the assistance of Antonia Crespi Benassar ("Benassar"), and defendant Von Saurma undertook to, and did, select the air

ELECTRONICALLY FILED
8/22/2014 3:38 PM
2014-L-008852
PAGE 18 of 21

ELECTRONICALLY FILED
8/22/2014 3:38 PM
2014-L-008852
PAGE 19 of 21

carrier, aircraft and pilot to provide air transportation for plaintiff's decedent from Switzerland to Belgium and return.

6. On said date and at all times relevant hereto, defendant Flick and defendant Von Saurma owed a duty to plaintiff and plaintiff's decedent to exercise care in selecting the aircraft, air carrier and pilot to provide this air transportation for plaintiff's decedent.

7. Defendant Flick, individually and through Benassar, and defendant Von Saurmer negligently breached their duty owed to plaintiff and plaintiff's decedent through one or more of the following negligent acts and omissions:

(a) negligently selected the subject aircraft when these defendants knew or reasonably should have known that the subject aircraft was defective and unreasonably dangerous in one or more of those respects set forth in Count II, paragraph 6 (a)-(i);

(b) negligently selected the air carrier, defendant Air Sarina, when these defendants knew or reasonably should have known that defendant Air Sarina failed to properly and adequately maintain the subject aircraft and remedy those defects in the subject aircraft set forth in Count I, paragraph (a)-(g);

(c) negligently selected the air carrier, defendant Air Sarina, when these defendants knew or reasonably should have known that defendant Air Sarina hired unqualified and improperly trained pilots and negligently supervised and failed to supervise and negligently trained and failed to train its pilots;

(d) negligently selected the pilot for the subject aircraft and the accident flight when these defendants knew or reasonably should have known that this pilot was unqualified and inadequately trained and had a reputation for taking risks in the conduct of a flight.

19

ELECTRONICALLY FILED
8/22/2014 3:38 PM
2014-L-008852
PAGE 20 of 21

8.  Defendant Flick was himself a passenger on the subject aircraft operated by defendant Air Sarina through its pilot during the initial leg of the flight from Switzerland to Belgium. However, defendant Flick declined to fly as a passenger on the subject aircraft operated by defendant Air Sarina through its pilot during the return accident flight from Belgium to Switzerland. Instead, defendant Flick made arrangements for a different flight on a different aircraft with a different air carrier and pilot, leaving plaintiff's decedent to fly as a passenger on the subject aircraft operated by defendant Air Sarina with the subject pilot.

9.  As the direct and proximate result of one or more of the aforesaid negligent acts and omissions of defendants Flick and Von Saurma, the subject aircraft was caused to and did go out of control and violently crash in France and plaintiff's decedent was injured and caused to expire.

10.  Plaintiff's decedent left surviving heirs and next of kin, including plaintiff, for whose benefit this action is brought.

11.  Plaintiff and the other heirs and next of kin of the decedent have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance and society and mental anguish, sorrow and grief as the result of the death of plaintiff's decedent.

12.  As a direct and proximate result of one or more of the aforesaid negligent acts and omissions of defendants Flick and Von Saurma which resulted in the crash of the subject aircraft, plaintiff's decedent was caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror prior to impact and prior to his death, and property damage.

13.  Had plaintiff's decedent survived, he would have been entitled to bring an action for damages, and such action has survived him.

20

WHEREFORE, plaintiff Tracy Reichenbach, Personal Representative of the heirs of Fabian

Reichenbach, deceased, prays for a judgment against defendants Frederick Christian Flick and

Comptesse Caroline Von Saurma for an amount in excess of the minimum jurisdictional amount

of this Court, together with costs and such other amounts as may be allowed by law.

s/Floyd A. Wisner
Attorney For Plaintiff

Floyd A. Wisner
Wisner Law Firm, P.C.
514 W. State Street
Suite 200
Geneva, Illinois 60134
(630) 262-9434
(630) 262-1066 (fax)
Firm ID No. 11151

ELECTRONICALLY FILED
8/22/2014 3:38 PM
2014-L-008852
PAGE 21 of 21